Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SARAH REDA, GIULIA DIMILTA, BRELYNN GONSALES,
*on behalf of Plaintiff(s) individually and similarly situated individuals,*

CASE NO. 1:19-cv-10563

Plaintiff,              **COMPLAINT**

-against-

COSETTE FIFTH AVENUE LLC and
ABELL OUJADDOU,

ECF Case,

Defendant(s).

---

Plaintiffs, SARAH REDA, GIULIA DIMILTA, BRELYNN GONSALES, on behalf of

Plaintiffs and similarly situated individuals, by and through their undersigned attorneys,

Lawrence Spasojevich, Of Counsel of Aidala, Bertuna & Kamins, P.C., and Imran Ansari,

Partner, Aidala, Bertuna & Kamins, P.C. hereby files this Complaint against Defendant(s),

COSETTE FIFTH AVENUE LLC and ABELL OUJADDOU, (collectively "Defendant(s)"), and

states as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs and similarly situated individuals are entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage; (2) unpaid wages at the overtime wage rate for all hours worked over forty (40) hours in a work week; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and similarly situated individuals are entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate for all hours worked over forty (40) hours in a work week; (3) unpaid "spread of hours" pay; (4) statutory penalties; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff, SARAH REDA, is an adult resident of Queens County, New York.

6.      Plaintiff, GIULIA DIMILTA, is an adult resident of Queens County, New York.

7.      Plaintiff, BRELYNN GONSALES, is an adult resident of Queens County, New York.

8.     Upon information and belief, Defendant, COSETTE FIFTH AVENUE LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 40 West 25th Street, 10th Floor, New York, New York 10010.

9.     Upon information and belief, Defendant, ABELL OUJADDOU, is an owner, officer, director and/or managing agent of Defendant, COSETTE FIFTH AVENUE LLC, who participated in the day-to-day operations of Defendant, COSETTE FIFTH AVENUE LLC, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with Defendant, COSETTE FIFTH AVENUE LLC.

10.     At all relevant times, Defendant, COSETTE FIFTH AVENUE LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by Defendant(s).

12.     At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff and similarly situated individuals a minimum wage for all hours worked, the overtime wage rate for all hours worked over forty (40) hours in a work week, and an extra hour of minimum wage each day the work shift was over ten (10) hours (hereinafter "spread of hour") contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

13.     Plaintiff, SARAH REDA, was employed as a colorist assistant by Defendant(s) from in or about August 2017 to in or about June 2018 at an hourly rate at the minimum wage rate in each respective year.

14.     Prior to beginning her employment with Defendant(s), Plaintiff, SARAH REDA, was not provided notice, written or otherwise, indicating that Defendant(s) would be paying Plaintiff, SARAH REDA, at the tip-credit rate.

15.     During the course of her employment and upon her recall and recollection, Plaintiff, SARAH REDA, generally worked Monday, Wednesday, Thursday, and Friday 8:30 a.m. to 8:30 p.m. with no lunch break. Plaintiff, SARAH REDA, also worked Tuesday 8:30 a.m. to 10:30 p.m. with no lunch break and a mandatory "class" from 5:30 p.m. to 10:30 p.m. during which Plaintiff, SARAH REDA, would cut and style hair of models who paid Defendants for the service.

16.     Plaintiff, SARAH REDA, was not paid for time the mandatory class.

17.     Therefore, Plaintiff, SARAH REDA, worked approximately sixty-two (62) hours a week.

18.     However, Defendant(s) did not pay Plaintiff, SARAH REDA, for all hours worked, did not pay Plaintiff, SARAH REDA, the overtime rate for all hours worked over (40) hours in a work week, and did not pay Plaintiff, SARAH REDA, the mandatory "spread of hours" pay.

19.     Plaintiff, GIULIA DIMILTA, was employed as a stylist assistant by Defendant(s) from in or about September 2017 to January 6, 2018 at an hourly rate at the minimum wage rate in each respective year.

20.     Prior to beginning her employment with Defendant(s), Plaintiff, GIULIA DIMILTA, was not provided notice, written or otherwise, indicating that Defendant(s) would be paying Plaintiff, GIULIA DIMILTA, at the tip-credit rate.

21.     During the course of her employment and upon her recall and recollection, Plaintiff, GIULIA DIMILTA, generally worked Monday, Wednesday, Thursday, and Friday 8:30 a.m. to 8:30 p.m. with no lunch break. Plaintiff, GIULIA DIMILTA, also worked Tuesday 8:30 a.m. to 10:30 p.m. with no lunch break and a mandatory "class" from 5:30 p.m. to 10:30 p.m. during which

Plaintiff, GIULIA DIMILTA, would cut and style hair of models who paid Defendants for the service.

22.     Plaintiff, GIULIA DIMILTA, was not paid for time the mandatory class.

23.     Therefore, Plaintiff, GIULIA DIMILTA, worked approximately sixty-two (62) hours a week.

24.     However, Defendant(s) did not pay Plaintiff, GIULIA DIMILTA, for all hours worked, did not pay Plaintiff, GIULIA DIMILTA, the overtime rate for all hours worked over (40) hours in a work week, and did not pay Plaintiff, GIULIA DIMILTA, the mandatory "spread of hours" pay.

25.     Plaintiff, BRELYNN GONSALES, was employed as a colorist assistant by Defendant(s) from on or about January 29, 2017 to on or about November 1, 2018 at an hourly rate at the minimum wage rate in each respective year.

26.     Prior to beginning her employment with Defendant(s), Plaintiff, BRELYNN GONSALES, was not provided notice, written or otherwise, indicating that Defendant(s) would be paying Plaintiff, BRELYNN GONSALES, at the tip-credit rate.

27.     During the course of her employment and upon her recall and recollection, Plaintiff, BRELYNN GONSALES, generally worked Monday, Wednesday, Thursday, and Friday 8:30 a.m. to 8:30 p.m. with no lunch break. Plaintiff, BRELYNN GONSALES, also worked Tuesday 8:30 a.m. to 10:30 p.m. with no lunch break and a mandatory "class" from 5:30 p.m. to 10:30 p.m. during which Plaintiff, BRELYNN GONSALES, would cut and style hair of models who paid Defendants for the service.

28.     Plaintiff, BRELYNN GONSALES, was not paid for time the mandatory class.

29.     Therefore, Plaintiff, BRELYNN GONSALES, worked approximately sixty-two (62) hours a week.

30.     However, Defendant(s) did not pay Plaintiff, BRELYNN GONSALES, for all hours worked, did not pay Plaintiff, BRELYNN GONSALES, the overtime rate for all hours worked over (40) hours in a work week, and did not pay Plaintiff, BRELYNN GONSALES, the mandatory "spread of hours" pay.

31.     Defendant(s) did not utilize a time keeping device at the work place to track hours worked by Plaintiffs or similarly situated individuals.

32.     Defendant, ABELL OUJADDOU, is an individual who, upon information and belief, owns the stock of COSETTE FIFTH AVENUE LLC, owns COSETTE FIFTH AVENUE LLC, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

33.     Defendant, ABELL OUJADDOU, exercised control over the terms and conditions of Plaintiffs and similarly situated individuals' employment, in that ABELL OUJADDOU has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

34.     Plaintiffs and similarly situated individuals were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week, not paid a wage for all hours worked, and were not compensated the "spread of hours" pay.

35.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiffs and similarly situated individuals' wages for the hours worked over forty (40) hours in a week at the overtime wage rate, a wage for all hours worked, and the "spread of hours" pay in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

36.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

37.    Defendant(s) did not provide Plaintiffs and similarly situated individuals with an accurate wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

38.    Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week, a wage for all hours worked, or the "spread of hours" pay.

39.    Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

40.    Plaintiffs and similarly situated individuals have been substantially damaged by the Defendant(s)' wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "40" of this Complaint as if fully set forth herein.

42.    Plaintiffs brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated pursuant to §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

43.    The Collective Class consists of all current and former non-exempt, stylist assistants and colorist assistants who worked for Defendant(s) from November 14, 2016 through the present.

44.    Section 13 of the FLSA, exempts certain categories of individuals from overtime and minimum wage pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiffs or to Collective Members.

## STATEMENT OF CLAIM

### COUNT 1
### [Violation of the Fair Labor Standards Act]

45.    Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46.    At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.    At all relevant times, Defendant(s) employed Plaintiffs and similarly situated individuals within the meaning of the FLSA.

48.    Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

49.    Plaintiffs and similarly situated individuals are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate and be paid a wage for all hours worked as provided for in the FLSA.

50.    Defendant(s) failed to pay Plaintiffs and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in week and a wage for all hours worked as provided for in the FLSA.

51.     At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated individuals the overtime rate for all hours worked over forty (40) hours in week in a work week and a wage for all hours worked which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

52.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate and a wage for all hours worked when they knew or should have known such was due and that non-payment of the overtime wage rate and a wage for all hours worked would financially injure Plaintiffs and similarly situated individuals.

53.     Defendant(s) have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

54.     Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated individuals and the actual compensation paid to Plaintiffs and similarly situated individuals are in the possession and custody of the Defendant(s). Plaintiffs and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendant(s) failed to properly disclose or apprise Plaintiffs and similarly situated individuals of their rights under the FLSA.

56.    As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiffs and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

57.    Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiffs and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and unpaid wages for all hours worked and, an equal amount as liquidated damages, and prejudgment interest thereon.

58.    Plaintiffs and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

59.    Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "58" of this Complaint as if fully set forth herein.

60.    The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiffs and similarly situated individuals.

61.    Defendant(s), pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week.

62.    By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendant(s) violated Plaintiffs and similarly situated individuals' statutory rights under the NYLL.

63.    Defendant(s), pursuant to their policies and practices, refused and failed to pay the earned wage to Plaintiffs and similarly situated individuals for all hours worked in a work week.

64.    By failing to compensate Plaintiffs a wage for all hours worked in week at the overtime wage rate, Defendant(s) violated Plaintiffs and similarly situated individuals' statutory rights under the NYLL.

65.    Defendant(s), pursuant to their policies and practices, refused and failed to pay the "spread of hour" wage to Plaintiffs and similarly situated individuals.

66.    By failing to compensate Plaintiffs the "spread of hour" pay, Defendant(s) violated Plaintiffs and similarly situated individuals' statutory rights under the NYLL and supporting Regulations.

67.    The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

68.    Therefore, Defendant(s) knowingly and willfully violated Plaintiffs and similarly situated individuals' rights by failing to pay Plaintiffs and similarly situated individuals compensation for all hours worked in a work week, for all hours worked over forty (40) hours in week in a work week at the overtime wage rate, and the "spread of hours" pay.

69.    Due to the Defendant(s)' NYLL violations, Plaintiffs and similarly situated individuals are entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, unpaid wages, "spread of hour" pay, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

70.    Plaintiffs and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

71.     Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

73.     Defendant(s) has/have willfully failed to supply Plaintiffs and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

74.     Through their knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

75.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiffs and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

76.     Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "75" of this Complaint as if fully set forth herein.

77.    Defendant(s) has/have willfully failed to supply Plaintiffs and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

78.    Through knowingly or intentionally failing to provide the Plaintiffs and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

79.    Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiffs and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and similarly situated individuals request that this Court grant the following relief:

(a)    An award of unpaid wages and unpaid wages at the overtime wage rate due under the FLSA;

(b)    An award of liquidated damages as a result of Defendant(s)' failure to pay wages and failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)    An award of unpaid wages, unpaid wages at the overtime wage rate, and "spread of hours" pay under the NYLL;

(d)    An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages for all hours worked, failure to pay wages at the overtime wage rate, failure

to pay the "spread of hours" pay, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

      (e)      An award of prejudgment and post-judgment interest;

      (f)      An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

      (g)      Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      November 14, 2019

                    Respectfully submitted,

                    By:_____
                        Lawrence Spasojevich (LS 1029)

                    By:_____
                      Imran Ansari, Esq. (IA 1978)